**SMITH CORRELL, LLP**
MARK SMITH – California SBN 213829
msmith@correllsmith.com
JACOB FONNESBECK – California SBN 304954
jfonnesbeck@smithcorrell.com
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel: (213) 443-6222
Fax:   (877) 730-5910

Attorneys for Plaintiff
REFLEX MEDIA, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>MARIA DEL MAR MARTINEZ SANCHEZ, an individual, FDS SOLUTIONS LIMITED d/b/a fndrtsmt.com, a United Kingdom company; and Does 1-10, inclusive,<br><br>            Defendants. | Case No. 2:17-cv-491<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Reflex Media, Inc. ("Reflex Media") hereby brings this Complaint against Defendants Maria Del Mar Martinez Sanchez ("Sanchez"), FDS Solutions Limited d/b/a <fndrtsmt.com> ("FDS Solutions"); and Does 1–10, inclusive, (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. Defendants are engaged in an illegal scheme designed to defraud consumers through phishing emails that unlawfully use Reflex Media's brand name and trademark. In addition, Defendants are also attempting to capitalize on the goodwill and brand recognition associated with Reflex Media's business by falsely representing that the

parties' respective businesses are related. Defendants' conduct is causing harm to both the recipients of Defendants' phishing emails and to Reflex Media, whose name, brand and goodwill is suffering irreparable harm by being wrongfully associated with Defendants' illegal operations.

2. Reflex Media operates <SeekingArrangement.com> (sometimes referred to herein as "Seeking Arrangement"), an online dating website that is globally recognized in the online "sugar daddy" dating industry.[1] Reflex Media also holds an exclusive, worldwide license to use the trademark, SEEKING ARRANGEMENT.[2]

3. Seeking Arrangement's brand is the result of substantial investment, innovative sales and marketing techniques, and ethical business practices that distinguish it from its competitors.

4. Reflex Media has been diligent in cultivating a reputable brand in the look and feel of Seeking Arrangement and its associated trademarks; a brand that is associated in the minds of the consumers with a high-quality service provider in this niche market.

5. Defendants own and/or operate the competing websites, <findyourtruesoulmate.com> and <fndrtsmt.com> (believed to be an acronym for, "find your true soul mate") (sometimes referred to herein as "Defendants' Infringing Websites").

6. Without Reflex Media's consent, Defendants are using its federally registered mark—SEEKING ARRANGEMENT—in the distribution of phishing emails directed to Seeking Arrangement's customers that ask the recipient to provide sensitive personal information.

7. These scam emails are referred to herein as Defendants' "Phishing Emails."

8. An exemplar of Defendants' Phishing Emails is attached hereto as Exhibit 1

---

[1] "Sugar daddy" dating refers to a unique business model that differentiates its users as either a "sugar daddy" or "sugar momma," who are persons willing to pamper others (a "Benefactor"), on the one hand, and a "sugar baby," who seeks the companionship of a Benefactor (a "Member"), on the other hand.

[2] In addition to its exclusive, worldwide license, Reflex Media has also been granted the right to defend the mark through, among other things, litigation.

and incorporated by reference in its entirety.

9. Defendants' Phishing Emails falsely and misleadingly identify Seeking Arrangement's CEO, Brandon Wade, as the email's originator.

10. The apparent purpose of Defendants' Phishing Emails is to obtain personal identifying information and credit card data from Seeking Arrangement's customers under the false pretenses that Defendants' website, <fndrtsmt.com>, is an "affiliate site" used to confirm customer account details to stop repeat charges on customer accounts.

11. Defendants' fraudulent actions are designed to—and do—cause confusion and mistake, leading the unsuspecting recipient consumers to believe that they in fact have been contacted by Seeking Arrangement and/or its CEO, Brandon Wade, and that an affiliation, connection, or association exists between Seeking Arrangement and Defendants and Defendants' Infringing Websites.

12. Reflex Media never authorized Defendants' to use the SEEKING ARRANGEMENT trademark, and would never have done so to assist Defendants' fraudulent phishing activities, especially where there is no indication that Defendants' are promoting ethical business practices, or providing legitimate online dating services on Defendants' Infringing Websites.

13. To bring an end to this deceptive and illegal campaign, to protect its own business and clients, as well as the other recipients of Defendants' Phishing Emails, Reflex Media has been forced to bring this action.

## **PARTIES**

14. Plaintiff Reflex Media is, and at all material times hereto was, a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Among other things, Reflex Media operates several online dating websites.[3]

---

[3] Reflex Media operates the following websites: <SeekingArrangement.com>, <SeekingMillionaire.com>, <MissTravel.com>, <WhatsYourPrice.com>, <OpenMinded.com>, <PairMeUp.com>, and <PerfectArrangement.com>.

15. Upon information and belief, Defendant Maria Del Mar Martinez Sanchez ("Sanchez") resides in the United Kingdom.

16. Upon information and belief, Defendant FDS Solutions Limited d/b/s <fndrtsmt.com> ("FDS Solutions"), is a United Kingdom company with its principal place of business at 111 Piccadilly, Manchester, M1 2HY, United Kingdom.

17. Upon information and belief, Defendant Sanchez is the registered director and owner of Defendant FDS Solutions.

18. Upon information and belief, Defendant Sanchez and/or Defendant FDS Solutions purchased the infringing website, <fndrtsmt.com>, on or around August 7, 2015.

19. Upon information and belief, Defendant Sanchez and/or Defendant FDS Solutions owns, maintains and/or operates the infringing websites, <fndrtsmt.com> and <findyourtruesoulmate.com>.

20. Reflex Media does not presently know the true names and capacities of the defendants named herein as Does 1 through 10, inclusive. Reflex Media will seek leave to amend this Complaint to allege these defendants' true names and capacities as soon as they are ascertained. Reflex Media is informed and believes, and on that basis, alleges that each of the fictitiously named defendants, Does 1 through 10, participated in, and in some manner are responsible for, the acts alleged in this Complaint and the damages resulting therefrom.

21. Reflex Media is informed and believes that at all times referenced herein, each Defendant was or is the agent, employee, partner, co-venture, joint venture, successor-in-interest, alter ego, and/or co-conspirator of each and all of the other Defendants, and was acting within the course and scope of said agency, employment, partnership, co-venture, joint venture, relationship and/or conspiracy. Reflex Media is informed and believes, and on that basis alleges, that each Defendant acted in concert with, and with the consent of, each of the other Defendants, and that each Defendant ratified or agreed to accept the benefits of the conduct of each of the other Defendants. Reflex Media is further informed and believes, and on that basis alleges, that each Defendant actively and knowingly

participated in the furtherance of the wrongful acts alleged herein, directed the wrongful acts alleged herein, benefitted from the wrongful acts alleged herein, and/or used the entity-defendants in a willful and intentional manner to carry out the wrongful acts alleged herein.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, where Reflex Media's claims arise under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*, and further present a claim of unfair competition joined with a substantial and related claim under the trademark laws.

23. This Court has supplemental jurisdiction over Reflex Media's state law claims pursuant to 28 U.S.C. § 1367, where said claims are integrally interrelated with the federal questions and arise from a common nucleus of operative facts such that supplemental review furthers the interest of judicial economy.

24. In addition, this Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

25. Personal jurisdiction exists over Defendants as the owners and/or operators of <fndrtsmt.com> and <findyourtruesoulmate.com>, the websites through which Defendants engage in interactive and commercial conduct, which, upon information and belief, involves fraudulent phishing activity intended to obtain personal identifying information and credit card data and/or otherwise seeks to transact business with residents of the U.S., including residents of the Central District of California.

26. As such, personal jurisdiction exists over Defendants because they promote their business in, and derive material benefits from, the State of California and this judicial district, or otherwise purposefully avail themselves of the privileges and protections of the laws of the State of California, such that traditional notions of fair play and due process are not offended by this Court's exercise of jurisdiction over them.

27. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) given that

Defendants' conduct is believed to be directed at residents of this forum.

## GENERAL ALLEGATIONS

### REFLEX HAS OBTAINED FEDERAL REGISTRATION AND INCONTESTABLE LEGAL PROTECTION FOR TRADEMARKS ASSOCIATED WITH SEEKINGARRANGEMENT.COM

28. Since 2006, Reflex Media and its predecessor in interest, InfoStream Group, Inc. ("InfoStream"), have used the mark, SEEKING ARRANGEMENT, in commerce and in connection with the online sugar daddy dating services available at <SeekingArrangement.com>.

29. On May 25, 2007, InfoStream, applied for federal registration of the SEEKING ARRANGEMENT trademark. United States Trademark Registration No. 3,377,772 was issued on February 5, 2008. A copy of Registration No. 3,377,772 is attached hereto as Exhibit 2.

30. Years later, as part of a corporate reorganization, the SEEKING ARRANGEMENT mark was transferred to Clover8. Reflex Media holds an exclusive, worldwide license to use the SEEKING ARRANGEMENT mark and to enforce its rights in the mark by, among other things, initiating litigating to stop infringement, if necessary.

31. The SEEKING ARRANGEMENT trademark has acquired secondary meaning and inherent distinctiveness, and has attained incontestable status.

32. Reflex Media and its predecessor have invested millions of dollars to promote and establish the look and feel of <SeekingArrangement.com> and its associated trademarks and to promote the trademarks in the market. Thus, the website and its use of the mark SEEKING ARRANGEMENT has become synonymous with Reflex Media's business and the high-quality product that Seeking Arrangement provides.

### DEFENDANTS' TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33. Reflex Media has expended substantial time and resources building a high-quality product in an industry that has attracted countless unethical, fraudulent service providers, but its efforts have paid off in Reflex Media's acquisition of valuable goodwill in connection with its services, as well as the SEEKING ARRANGEMENT trademark and

overall brand.

34. On or about July 30, 2016, Defendants began disseminating the subject Phishing Emails.

35. The "subject" line of the Phishing Emails read: "Personal Message From CEO, Seeking Arrangement Brandon Wade." And it is similarly signed, "Brandon Wade, Founder & CEO, SeekingArrangement.com" in the body of the emails.

36. The content contained in the body of the emails state that Seeking Arrangement client accounts have been subject to "repeat charges," and to stop those recurring charges the customer must provide verification information to an "affiliate site"—<fndrtsmt.com>. To be more specific, the emails request that the recipient provide their personal identifying information and credit card details.

37. Defendants did not have permission to use the SEEKING ARRANGEMENT trademark for this purpose, or any other purpose.

38. Defendants infringed on the SEEKING ARRANGEMENT trademark by using the mark in a fraudulent phishing scam; by using the mark in connection with the competing online dating website <findyourtruesoulmate.com>, without authorization, and by using the mark in a deceptive and confusing manner.

39. Defendants' Phishing Emails falsely claim an affiliation between Defendants' Infringing Website and Seeking Arrangement, and are likely to deceive or confuse consumers into believing that such an affiliation, association, sponsorship or connection exists between Reflex Media's <SeekingArrangement.com> website and Defendants and/or Defendants' websites.

40. Upon information and belief, Defendants acted with willful intent when they disseminated the Phishing Emails that fraudulently identified Seeking Arrangement and its CEO, Brandon Wade, in the "subject" line and body of the emails, and did so clearly intending to use the goodwill and notoriety of the SEEKING ARRANGEMENT trademark to perpetuate this fraud, and in a manner likely to cause confusion and deception.

41. Thus, any association with Defendants and/or their website has, and will

continue to, result in a dilution of the reputation, goodwill, and notoriety of Reflex Media's websites, the SEEKING ARRANGEMENT trademark and Reflex Media's related brands.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement, 15 U.S.C. § 1114(1))

42. Reflex Media incorporates by reference every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

43. Plaintiff Reflex Media holds an exclusive, worldwide license to use the SEEKING ARRANGEMENT trademark.

44. Without Reflex Media's consent, Defendants have used in commerce, in connection with a fraudulent phishing scam, and/or sale, offering for sale, distribution or advertising of Defendants' goods and services, marks identical to or confusingly similar to the SEEKING ARRANGEMENT mark in a manner that is likely to cause confusion, mistake and/or deception with consumers that Defendants' goods and services are the same as those of Reflex Media, and/or that Defendants' goods and services are somehow associated, affiliated, connected, approved, authorized or sponsored by Reflex Media and/or its website, Seeking Arrangement.

45. Defendants acted with the intent to cause confusion, mistake, or deception with consumers.

46. Defendants' continued use of marks identical or confusingly similar to the SEEKING ARRANGEMENT mark has caused, and will continue to cause, irreparable harm and injury to Reflex Media and to its reputation and goodwill for which Reflex Media has no adequate remedy at law. The threat of future injury to consumers and to Reflex Media's businesses, identities, goodwill and reputation necessitates the award of injunctive relief to prevent Defendants' continued infringement of the SEEKING ARRANGEMENT mark.

47. Defendants have unjustly profited from their infringement of the SEEKING ARRANGEMENT mark.

48. As a direct and proximate result of Defendants' infringing activities as alleged

herein, Reflex Media has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

## SECOND CAUSE OF ACTION

**(Federal False Designations, False Descriptions, and False Advertising, 15 U.S.C. § 1125(a))**

49. Reflex Media incorporates by reference every allegation set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

50. Defendants' misuse of the SEEKING ARRANGEMENT mark in commerce in connection with the goods and services offered on Defendants' Infringing Website—including in pursuit of carrying out a fraudulent phishing scam—constitutes a false designation of origin and/or a false or misleading representation that is likely to cause confusion, mistake and/or deception with consumers that Defendants' goods and/or services are associated, affiliated, connected, approved, authorized or sponsored by Reflex Media and/or its website, Seeking Arrangement.

51. Specifically, without Reflex Media's consent, Defendants have disseminated email advertisements that contain the SEEKING ARRANGEMENT trademark in the "subject" line and body of the emails.

52. Defendants' Phishing Emails were designed to obtain personal identifying information and credit card data from Seeking Arrangement customers under the false pretenses of being an "affiliate site" utilized to confirm customer account details to stop repeat charges on customer accounts. This also gave the false and misleading impression that Seeking Arrangement's CEO, Brandon Wade, was the sender of the emails that encouraged the recipients to visit <findyourtruesoulmate.com>, a competing online dating website operated by Defendants, and provide the requested personal identifying and credit card information.

53. Furthermore, Defendants' false and deceptive emails contain a false assertion that Defendants' Infringing Website is an "affiliate site" that is related to Reflex Media and/or Seeking Arrangement. That false assertion is likely to give consumers the wrong

impression that an association, affiliation, connection, approval, authorization or sponsorship exists between Reflex Media and/or Seeking Arrangement, on the one hand, and Defendants' Infringing Websites, on the other hand.

54. Defendants' foregoing conduct constitutes a false designation of origin and/or false or misleading representation that: (1) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the affiliation, connection, or association between Defendants and/or Defendants' Infringing Website, on the one hand, and Seeking Arrangement, on the other hand; (2) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the original sender of the email, as the origin of the services being provided, and/or (3) is intended to misrepresent the nature, characteristics, and/or qualities of the goods and services offered by Defendants through the illegal and unauthorized usurpation of Reflex Media's respected brand name, Seeking Arrangement, for purposes of carrying out a fraudulent phishing scam.

55. Defendants have unjustly profited from their foregoing conduct.

56. As a direct and proximate result of Defendants' foregoing conduct, Reflex Media has suffered damages in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

57. Defendants' foregoing acts constitute an exceptional case and are intentional, entitling Reflex Media to treble their actual damages and to an award of attorneys' fees.

## THIRD CAUSE OF ACTION

**(Unfair Competition, Cal. Bus. & Prof. Code. § 17200 *et seq*.)**

58. Reflex Media incorporates by reference every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

59. Defendants have falsely represented an affiliation, connection, and/or association between Defendants' Infringing Websites, <fndrtsmt.com> and <findyourtruesoulmate.com>, on the one hand, and <SeekingArrangement.com>, on the other hand, through the dissemination of the Phishing Emails intended to fraudulently obtain personal identifying information and credit card details of unsuspecting Seeking

Arrangement customers, which are further described above.

60. Reflex Media requests that that this Court enjoin Defendants from further engaging in consumer fraud by stating or implying that there is any affiliation, connection, or association between Seeking Arrangement and Defendants' Infringing Website.

**FOURTH CAUSE OF ACTION**

**(Negligent Interference with Prospective Economic Advantage)**

61. Reflex Media incorporates by reference every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

62. At all times relevant to this action, Reflex Media had a prospective contractual relationship with the customers of its website, <SeekingArrangement.com>, and a reasonable probability in the continuation of those business relations.

63. Defendants intentionally, or with substantial certainty, sought to interfere with the relationship between Reflex Media and its customers through its unfair competitive acts and unauthorized use of the SEEKING ARRANGEMENT trademark with the intent to deceive customers into believing that Seeking Arrangement and Defendants' Infringing Websites, <fndrtsmt.com> and <findyourtruesoulmate.com>, are affiliated, associated or otherwise connected.

64. Defendants' knew or should have been aware that their failure to act with due care would result in the interference with Reflex Media's business relationships.

65. Defendants' acted negligently, at best, by falsely identifying the sender of the Phishing Emails as Seeking Arrangement and Reflex Media's CEO, Brandon Wade; an act which thereby associated Seeking Arrangement and its CEO with the perpetuation of a fraud where the true sender(s) are associated with/are a competing online dating website.

66. Defendants' above-described conduct has caused actual disruption to the relationship between Reflex Media and its customers.

67. As a direct and proximate result of Defendants foregoing conduct, Reflex Media has suffered damages and losses in an amount to be determined at trial, but estimated to exceed $75,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Reflex Media prays for judgment against Defendants as follows:

1. Adjudge that the SEEKING ARRANGEMENT trademark has been infringed by Defendants in violation of Reflex Media's rights under 15 U.S.C. § 1114;

2. Adjudge that Defendants have competed unfairly with Reflex Media in violation of its rights under 15 U.S.C. § 1125 and applicable state law;

3. Adjudge that Defendants have negligently interfered with Reflex Media's prospective economic advantages;

4. Adjudge that Defendants and each of their agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with them, and/or person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a. Selling, offering for sale distributing, advertising, or promoting any goods or services (including emails) that display any words or symbols that so resemble or are confusingly similar to the SEEKING ARRANGEMENT trademark, or the look and feel of <SeekingArrangement.com>, as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that are not authorized by or for Reflex Media;

   b. Using the SEEKING ARRANGEMENT trademark, any other marks or domain names confusingly similar to those marks alone or in combination with any other letters, words, letter strings, phases or designs, or the look and feel of <SeekingArrangement.com> in commerce or in connection with any goods or services;

   c. Using any word, term, name, symbol, or device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants' or their goods with Reflex Media or as to the origin of Defendants' goods or services, or any false designation of origin,

        false or misleading description or representation of fact;

    d. Further infringing on the rights of Reflex Media in and to any of their respective trademarks, trade dress, products and services or otherwise damaging Reflex Media's goodwill or business reputation;

    e. Using any of Reflex Media's confidential information in connection with any product or service, in any medium, including future contact or business with Seeking Arrangement's members;

    f. Otherwise competing unfairly with Reflex Media in any manner; and

    g. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Reflex Media's counsel a written report under oath setting forth in detail the way it has complied with the judgment;

6. Adjudge that Reflex Media recover from Defendants their actual damages and lost profits in an amount to be determined at trial, but estimated to exceed $75,000, for Defendants' violations of 15 U.S.C. §§ 1114 and 1125; that Defendants be required to account for any profits that are attributable to its illegal acts; and that Reflex Media be awarded the greater of (1) three times Defendants' profits or (2) three times any damages sustained by Reflex Media under 15 U.S.C. § 1117, plus prejudgment interest;

7. Adjudge that Reflex Media recover from Defendants the damages caused by Defendants, as well as punitive and/or treble damages and attorneys' fees;

8. Adjudge that Reflex Media be awarded its costs incurred in connection with this action, including its reasonable attorneys' fees and investigative expenses;

9. Impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities; and

10. Adjudge that all such other relief be awarded to Reflex Media as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Reflex Media hereby requests a jury trial in this matter.

Dated: January 20, 2017             **SMITH CORRELL, LLP**

                        By:   /s/ Mark L. Smith
                                Mark L. Smith
                                Attorneys for Plaintiff
                                REFLEX MEDIA, INC.