# EXHIBIT 4

**SMITHCORRELL LLP**

Las Vegas, NV | Los Angeles, CA | Salt Lake City, UT

August 31, 2017

**Via Email**

Grodsky & Olecki LLP
Allen B. Grodsky
  allen@grodsky-olecki.com
John Metzidis-Drennan
  john@grodsky-olecki.com
2001 Wilshire Blvd., Suite 210
Santa Monica, CA 90403

    Re:    Reflex Media v. FDS Solutions Limited, et al.
            Case No. 2:17-cv-00491-FMO (JPRx)

Dear Allen and John:

The purpose of this correspondence is to request a time for us to meet and confer regarding Defendants Maria Sanchez ("Sanchez") and FDS Solutions Limited's ("FDS Solutions," and together with Sanchez, "Defendants") responses to Reflex Media's first set of requests for admission, interrogatories and requests for production.

In anticipation of that call, the following is a list of the requests we would like Defendants to answer or, in some cases, to supplement the response originally provided.

## REQUESTS FOR ADMISSION

**Request No. 10**:
Admit that the DEFENDANTS benefitted from the PHISHING EMAIL.

**Response to Request No. 10:**
Responding Parties lack information and belief to respond to Request No. 10 and, on that basis, deny it.

**Objection to Defendants' Response:**
Fed. R. Civ. P. 36(a)(4) reads, in pertinent part: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.** (Emphasis added.) Please ask Defendants to certify that they made the "reasonable inquiry" required by Fed. R. Civ. P. 36.

# INTERROGATORIES

**Preliminary Statement Concerning Defendants' Objections:**

As identified below, Defendants objected to Interrogatory Nos. 2, 3, 8, 9, 12, 17, and 21. The objections asserted take one of the three following forms:

- ❖ "Responding Parties object to Interrogatory No. 2 as overbroad, not calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and violative of the right to privacy."

- ❖ "Responding Parties object to Interrogatory No. [3, 9, 12, 17, 21] as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, and violative of the right to privacy."

- ❖ "Responding Parties object to Request No. 8 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, and violative of the right to privacy."

Under the Federal Rules of Civil Procedure, and specifically within the Central District of California, "it is well-settled that all grounds for objections must be stated with specificity." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). Here, Defendants' boilerplate objections are too nonspecific. *Id.* at 409 ("Most defendants' objections are too general to merit consideration and are therefore waived."); see also *Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *2 (D. Kan. 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfil the objecting party's burden to explain its objections.").

Defendants' objections fail to state their basis with specificity; indeed, they fail to state any supporting basis whatsoever. Accordingly, it is Reflex Media's position that Defendants' objections are waived.

**Interrogatories Intended to Explore Defendants' Involvement and/or Knowledge with Respect to the Creation and Dissemination of the Phishing Emails at Issue**

*Preliminary Statement*

As you know, this case relates to the creation and dissemination of certain phishing emails that purported to be from www.SeekingArrangement.com's Chief Executive Officer, Brandon Wade.

{00033678 1 }



(Dkt. 1, ¶ 9.) The phishing emails also, without authorization, used Reflex Media's SEEKING ARRANGEMENT trademark. (Dkt. 1, ¶¶ 2, 6,12.). A copy of the phishing email at issue was attached to the Complaint as <u>Exhibit 1</u>. As shown in Exhibit 1, the phishing email falsely represents that the recipient, presumably a SeekingArrangement.com customer, has been subject to "repeat charges," and to stop those recurring charges the customer must provide certain personal information to an "affiliate site." (*Id.* at ¶ 36.) If the user clicked on the "Verify Here" link in the body of the phishing email, they would be taken to www.fndrtsmt.com, a website Defendants own and control. (*Id.*) Emails similar to the phishing email attached to the Complaint as Exhibit 1 have been linked to the email addresses and entities listed in Interrogatories Nos. 8 and 17.

*Interrogatories at Issue*

**Interrogatory No. 2:** List every home and work address (physical address) used by SANCHEZ for the past five years.

**Answer to Interrogatory No. 2:** Responding Parties object to Interrogatory No. 2 as overbroad, not calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and violative of the right to privacy.

**Objection to Defendants' Answer:** Our office is working to obtain information about the person(s) responsible for creating and disseminating the phishing emails at issue. As you know, the phishing emails in question were sent from two Gmail accounts, and we are in the process of obtaining information concerning the owner of those accounts from Gmail. Specifically, we have asked Gmail to provide us with the IP address associated with the computers used to create those accounts and any personal identifying information, including the creator's address. If Defendants' addresses match the information we obtain from Google, that connection would be circumstantial evidence of Defendants' involvement in the conduct at issue. Accordingly, the information sought by this request is directly relevant. *See* Fed. R. Civ. P. 26(b).

**Interrogatory No. 3:** Identify every time DEFENDANTS have been accused of fraudulent billing.

**Response to Interrogatory No. 3:** Responding Parties object to Interrogatory No. 3 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, and violative of the right to privacy.

**Objection to Defendants' Answer:** As described above, the phishing email at issue in this case purported to be related to Reflex Media's

{00033678 1 }



website, www.SeekingArrangement.com, and asked the recipient to provide personal identifying information, including credit card details. However, the "fine print" of the "verification page" suggests that, by providing the requested information, the user/victim was actually subscribing to several other websites and services, including those offered by Defendants through their own website. We expect that victims of this scam, upon learning that they were incurring charges for services unrelated to www.SeekingArrangment.com, disputed the charges and/or lodged a complaint with Defendants. Accordingly, the information sought by this request goes directly to Defendants' participation and/or knowledge of the phishing scam identified in the Complaint, which involvement Defendants' deny. For these reasons, the requested information is directly relevant to the claims at issue and should be provided. *See* Fed. R. Civ. P. 26(b).

**Interrogatory No. 8:** Identify any relationship DEFENDANTS have, or have had, with respect to any of the following companies:
- Handle Marketing Limited
- Ixion Creations Limited

**Response to Interrogatory No. 8:** Responding Parties objection to Request No. 8 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, and violative of the right to privacy.

**Objection to Defendants' Answer:** As indicated above, Reflex Media is aware that phishing emails similar to the one at issue in this have been linked to the two entities identified above. This interrogatory seeks information concerning Defendants' relationship with those entities. Accordingly, the information sought by this request is directly relevant in determining Defendants' knowledge and/or involvement in the creation and dissemination of the phishing scam at issue. *See* Fed. R. Civ. P. 26(b).

**Interrogatory No. 9:** Identify all other websites owned/operated by DEFENDANTS from 2016 to the present.

**Response to Interrogatory No. 9:** Responding Parties object to Request No. 9 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, and violative of the right to privacy.

**Objection to Defendants' Answer:** As mentioned above, Reflex Media is aware that phishing emails similar to the one at issue in this case have been associated with several other online dating websites and companies, including those listed in Interrogatory Nos. 8 and 12. Reflex Media believes there may be other websites and entities involved, including other websites



and entities affiliated with Defendants. Accordingly, this request seeks relevant information that is intended to explore Defendants' involvement and/or knowledge of the phishing scam at issue goes to the core of this case, as Defendants deny having any such knowledge or involvement. *See* Fed. R. Civ. P. 26(b).

**Interrogatory No. 12:** Identify every other online website affiliated with DEFENDANTS.

**Response to Interrogatory No. 12:** Responding Parties object to Interrogatory No. 12 as vague, ambiguous, overbroad, not calculated to lead to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, and violative of the right to privacy.

**Objection to Defendants' Answer:** As mentioned above, Reflex Media is aware that phishing emails similar to the one at issue in this case have been associated with several other online dating websites and companies, including those listed in Interrogatory Nos. 8 and 12. Reflex Media believes there may be other websites and entities involved, including other websites and entities affiliated with Defendants. Accordingly, this request seeks relevant information that is intended to explore Defendants' involvement and/or knowledge of the phishing scam at issue goes to the core of this case, as Defendants deny having any such knowledge or involvement. *See* Fed. R. Civ. P. 26(b).

**Interrogatory No. 17:** Identify any relationship DEFENDANTS have, or have had, with respect to any of the following websites:
- www.campleasures.com
- www.joincheckout.com
- www.localsexfriends.com
- www.safedatingcafe.com
- www.oversinglelife.com
- www.uberhorny.com
- www.LSTFL.com
- www.SFEGAF.com
- www.VESGFE.com

**Response to Interrogatory No. 17:** Responding Parties object to Interrogatory No. 17 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, and violative of the right to privacy.

**Objection to Defendants' Answer:** As mentioned above, Reflex Media is aware that phishing emails similar to the one at issue in this case have been associated with several other online dating websites and companies, including those listed in Interrogatory Nos. 8 and 12. Reflex Media believes

{00033678 1 }



there may be other websites and entities involved, including other websites and entities affiliated with Defendants. Accordingly, this request seeks relevant information that is intended to explore Defendants' involvement and/or knowledge of the phishing scam at issue goes to the core of this case, as Defendants deny having any such knowledge or involvement. *See* Fed. R. Civ. P. 26(b).

**Interrogatory No. 21:** Identify every Internet domain name owned by DEFENDANTS from January 1, 2016, to the present.

**Response to Interrogatory No. 21:** Responding Parties object to Interrogatory No. 21 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, and violative of the right to privacy.

**Objection to Defendants' Answer:** As mentioned above, Reflex Media is aware that phishing emails similar to the one at issue in this case have been associated with several other online dating websites and companies, including those listed in Interrogatory Nos. 8 and 12. Reflex Media believes there may be other websites and entities involved, including other websites and entities affiliated with Defendants. Accordingly, this request seeks relevant information that is intended to explore Defendants' involvement and/or knowledge of the phishing scam at issue goes to the core of this case, as Defendants deny having any such knowledge or involvement. *See* Fed. R. Civ. P. 26(b).

## REQUESTS FOR PRODUCTION

**Requests Related to Damages Allowed by Statute**

Reflex Media's Complaint sets forth four causes of action. The first cause of action is for federal trademark infringement (15 U.S.C. § 1114) and the second is for federal unfair competition (15 U.S.C. § 1125). The damages recoverable under both claims is governed by 15 U.S.C. § 1117(a), which provides that a plaintiff who is successful under either statute is entitled to recover: "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Moreover, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.*

Each of the requests listed below (Requests for Production Nos. 3, 4, 6, and 7) seek information concerning Defendants' profits. Or more specifically, Request Nos. 3 and 6 seek information about the sources and amounts of Defendants' income, and Request Nos. 4 and 7 seek information concerning the costs incurred to generate that income.



Under Fed. R. Civ. P. 26(b)(1), a party is entitled to discover any nonprivileged information that is relevant to the claims or defenses of any other party. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *McCormick v. City of Lawrence, Kansas*, 2005 WL 1606595, at *5 (D. Kan. 2005) (internal citation omitted).

Based on the foregoing, the information sought by the following requests are clearly relevant to Reflex Media's claims. Accordingly, Reflex Media requests that Defendants provide the requested documents and information.

As noted above, Defendants' objections do not excuse them from responding to these requests. Under federal law, and specifically within the Central District of California, "it is well-settled that all grounds for objection must be stated with specificity." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). Here, Defendants' objections are too nonspecific to warrant consideration. *Id.* at 409 ("Most of defendants' objections are too general to merit consideration and are therefore waived."); *see also Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *2 (D. Kan. 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfil the objecting party's burden to explain its objections."). Here, Defendants have made no effort to explain and/or establish the basis for the generalized objections raised, and thus, have failed to set forth any viable objections.

**Request No. 3:** Produce documents identifying all sources and amounts of income received by SANCHEZ in 2016.

**Response to Request No. 3:** Responding Parties object to Request No. 3 as overbroad, not calculated to the discovery of relevant and admissible evidence, not proportional to the needs of the case, violative of the rights to privacy, and calling for confidential and proprietary information.

**Request No. 4:** Produce all documents identifying all sources and amounts of costs incurred by SANCHEZ to generate the income identified in response to Request No. 3, above.



**Response to Request No. 4:** Responding Parties object to Request No. 4 as overbroad, not calculated to the discovery of relevant and admissible evidence, not proportional to the needs of the case, violative of the right to privacy, and calling for confidential and proprietary information.

**Request No. 6:** Produce all documents identifying all sources and amounts of income received by FDS SOLUTIONS in 2016.

**Response to Request No. 6:** Responding Parties object to Request No. 6 as overbroad, not calculated to the discovery of relevant and admissible evidence, not proportional to the needs of the case, violative of the right to privacy, and calling for confidential and proprietary information.

**Request No. 7:** Produce all documents identifying all sources and amounts of costs incurred by FDS SOLUTIONS to generate the income identified in response to Request No. 6, above.

**Response to Request No. 7:** Responding Parties object to Request No. 7 as overbroad, not calculated to the discovery of relevant and admissible evidence, not proportional to the needs of the case, violative of the right to privacy, and calling for confidential and proprietary information.

**Requests Related to Reflex Media's Trademark**

As noted above, Reflex Media contends that, without authorization, Defendants used Reflex Media's federally-registered trademark, SEEKING ARRANGEMENT, in connection with certain phishing emails that purported to be sent from Reflex Media's chief executive officer and requested the recipients' personal identifying and credit card information. *See e.g.* Dkt. 1, ¶¶ 44–46, 50–54. As a result of this conduct, which is further described in the Complaint, Reflex Media has brought claims against Defendants for trademark infringement (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125).

The documents sought by this request seek information in Defendants' possession concerning Reflex Media's trademark, SEEKING ARRANGEMENT. To prevail under either of these two theories, Reflex Media must prove that Defendants' use of its trademark was likely to cause consumer confusion. *See e.g. Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985). To that end, evidence of "[a]n intent to copy is strong evidence of likelihood of confusion." *CytoSport, Inc. v. Vital Pharm., Inc.* 617 F. Supp. 2d 1051, 1072 (E.D. Cal.), *aff'd* 348 F. App'x 288 (9th Cir. 2009) (citing *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979).

{00033678 1 }



Under Fed. R. Civ. P. 26(b)(1), a party is entitled to discover any nonprivileged information that is relevant to the claims or defenses of any other party. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *McCormick v. City of Lawrence, Kansas*, 2005 WL 1606595, at *5 (D. Kan. 2005) (internal citation omitted).

Here, the information sought may be used to prove both Defendants' involvement in the creation and dissemination of the phishing emails, as well as an intent to specifically target and use Reflex Media's SEEKING ARRANGEMENT mark. Accordingly, the information sought is directly relevant to the core issues involved in this case.

As noted above, Defendants' objections do not excuse them from responding to these requests. Under federal law, and specifically within the Central District of California, "it is well-settled that all grounds for objection must be stated with specificity." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). Here, Defendants' objections are too nonspecific to warrant consideration. *Id.* at 409 ("Most of defendants' objections are too general to merit consideration and are therefore waived."); *see also Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *2 (D. Kan. 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfil the objecting party's burden to explain its objections."). Here, Defendants have made no effort to explain and/or establish the basis for the generalized objections raised, and thus, have failed to set forth any viable objections.

**Request No. 8**: Produce all DOCUMENTS related to the TRADEMARK mark.

**Response to Request No. 8:** Responding Parties object to Request No. 8 as vague, ambiguous, overbroad, not proportional to the needs of the case, and not calculated to lead to the discovery of relevant and admissible evidence.

**Requests Related to Defendants' Knowledge/Involvement, Likelihood of Confusion and Damages**

As noted above, Reflex Media contends that, without authorization, Defendants used Reflex Media's federally-registered trademark, SEEKING

{00033678 1 }



ARRANGEMENT, in connection with certain phishing emails that purported to be sent from Reflex Media's chief executive officer and requested the recipients' personal identifying and credit card information. (*See e.g.* Dkt. 1, ¶¶ 44–46, 50–54.) As a result of this conduct, which is further described in the Complaint, Reflex Media has brought claims against Defendants for trademark infringement (15 U.S.C. § 1114) and unfair competition (15 U.S.C. § 1125).

The documents sought by this request seek information in Defendants' possession concerning customer complaints and credit card chargebacks received during the relevant time. Reflex Media believes the documents responsive to these requests will: (1) demonstrate Defendants' knowledge, ratification and/or involvement in creating and disseminating the phishing emails by identifying customers who complained and/or initiated a chargeback after their personal identifying information was used for purposes of subscribing them to competing website(s), including those owned, operated or affiliated with Defendants; (2) demonstrate that customers were actually confused by the unauthorized use of Reflex Media's trademark in the phishing emails and/or by the use false representation that those emails were authorized or sent by Reflex Media; and (3) be helpful in establishing damages insofar as the relevant customer complaints and/or chargebacks can be used to help quantify the number of persons who received and/or were duped by the phishing emails. *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985); *see also* 15 U.S.C. 1117(a) (explaining the factors a court may consider when awarding damages in a federal trademark and/or unfair competition case).

Under Fed. R. Civ. P. 26(b)(1), a party is entitled to discover any nonprivileged information that is relevant to the claims or defenses of any other party. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *McCormick v. City of Lawrence, Kansas*, 2005 WL 1606595, at *5 (D. Kan. 2005) (internal citation omitted). For the reasons set forth above, Reflex Media insists that the documents and information sought by these requests are relevant and go directly to the core of the matters at issue in this case.

As noted above, Defendants' objections do not excuse them from responding to these requests. Under federal law, and specifically within the Central District of California, "it is well-settled that all grounds for objection must be stated with specificity." *Ramirez v. County of Los*

{00033678 1 }



*Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005). Here, Defendants' objections are too nonspecific to warrant consideration. *Id.* at 409 ("Most of defendants' objections are too general to merit consideration and are therefore waived."); *see also Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *2 (D. Kan. 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfil the objecting party's burden to explain its objections."). Simply stated, Defendants have made no effort to explain and/or establish the basis for the generalized objections raised, and thus, have failed to set forth any viable objections.

Based on the foregoing, Reflex Media requests that Defendants immediately provide the requested documents and information.

**Request No. 9:** Produce copies of all customer complaints received by DEFENDANTS in 2016.

**Response to Request No. 9:** Responding Parties object to Request No. 9 as overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, violative of the right to privacy, and calling for confidential and proprietary information.

**Request No. 11:** Produce documents sufficient to identify every credit card chargeback incurred by DEFENDANTS between January 1, 2016, and the present.

**Response to Request No. 11:** Responding Parties object to Request No. 11 as vague, ambiguous, overbroad, not calculated to lead to the discovery of relevant and admissible evidence, not proportional to the needs of the case, violative of the rights to privacy, and calling for confidential and proprietary documents.

\*\*\*

In accordance with the Central District's Local Rule 37-1, please let me know when—in the next 10 days—you are available for a telephone conference to meet and confer regarding Defendants' discovery responses identified above.

Very truly yours,

SMITH CORRELL, LLP

/s/ Jacob L. Fonnesbeck

{00033678 1 }

